UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

BRENDAN R. COENEN,            )
                              )
        Plaintiff,            )    2:05-CV-1027-ECR-GWF
                              )
vs.                           )    MINUTES OF THE COURT
                              )
JACKIE CRAWFORD, et al.,      )
                              )
        Defendants.           )    DATE: MARCH 8, 2007
_____)

PRESENT:    EDWARD C. REED, JR.              U. S. DISTRICT JUDGE

Deputy Clerk:   COLLEEN LARSEN       Reporter:    NONE APPEARING
Counsel for Plaintiff(s)             NONE APPEARING

Counsel for Defendant(s)             NONE APPEARING

MINUTE ORDER IN CHAMBERS

     Defendants' Motion to Dismiss the Plaintiff's Amended Complaint(#19-1), filed on August 28, 2006, is **GRANTED**.

     Defendants' motion relies on both Rule 12(b)(6) and Rule 56. Because the motion incorporates evidence outside of Plaintiff's Amended Complaint we construe it as a motion for summary judgment.

     Defendants argue that Plaintiff has not exhausted his administrative remedies. Woodford v. Ngo, 126 S. Ct. 2378 (2006). Some issues regarding Plaintiff's grievance(s) are disputed: Defendants assert that Plaintiff did not make a timely grievance regarding the incident underlying this case. In response, Plaintiff asserts that his timely grievances were lost or discarded by a prison employee who has since been fired.

     What is not disputed is that Plaintiff subsequently filed an informal grievance and that prison authorities denied the grievance, instructing Plaintiff to refile it with medical documentation. Plaintiff states that this was not possible because he could not access his medical records. Even if true, this does not create a genuine issue of material fact regarding exhaustion because Plaintiff was required to appeal the denial of his informal grievance in order to exhaust his administrative remedies. It

is undisputed that he failed to do so. Accordingly, we cannot consider the merits of his claim.

The Clerk shall enter judgment for Defendants.

**It is so ordered.**

LANCE S. WILSON, CLERK

By _____/s/_____
Deputy Clerk